# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEVEN PAYTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| v. | ) | |
| | ) | |
| **ASCENSION-ST. VINCENT'S EAST** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**I.     JURISDICTION**

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), 2201 and 2202.  This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended by the Civil Rights Act of 1991.  The jurisdiction of this Court is invoked to secure protection for and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against sex discrimination and retaliation in employment.

2.     Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq.  Plaintiff is filing this action within ninety (90) days of the receipt of his notice of right to sue pursuant to Title VII.

**II.     PARTIES**

3.     Plaintiff, Steven Payton, (hereinafter "Payton" or "Plaintiff") is a male resident of Alabama and a citizen of the United States. Plaintiff is a "person aggrieved" under Title VII of the 1964 Civil Rights Act, as amended, by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq.

4.     Upon information and belief, Defendant, Ascension-St. Vincent's East, is an entity subject to suit under Title VII. Defendant was Plaintiff's employer for purposes of Title VII of the "Civil Rights Act of 1964," as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. The Defendant employs at least fifteen (15) persons.

**III.    FACTS**

5.     Plaintiff, Steven Payton, was hired by the Defendant on May 11, 2010 as an Office Assistant. By September 1, 2013, Payton had worked himself up to the position of Patient Resources Technician. Generally the duties and responsibilities of a Patient Resources Technician are as follows: assisting in examination and treatment of patients, measuring vital signs and monitoring health, collecting samples, recording information on patients' charts, and preparing treatment rooms for examination, all under the supervision of a physician or nurse. In addition to his Patient Resources Technician duties, Payton retained the clerical duties associated

with the Office Assistant position.

6. In January 2018, Ellen Stephens [female], Manager of Clinical Integration, became Payton's supervisor. Almost from the moment she came aboard, Ms. Stephens made frequent comments about Payton's sexual orientation and sexual preference, including but not limited to the following: (1) on numerous occasions calling him "girlfriend" in a contrived effeminate voice, (2) stating to co-workers and Payton that he [Payton] "had not come out of the closet yet", (3) stating that Payton could now marry since the Supreme Court issued its ruling regarding the constitutionality of same-sex marriage.

7. Even though Payton self identifies as heterosexual, Stephens used sex stereotyping of what she perceived to be a "real man" to restrict, disparage, or discriminate on the basis of her perceived idea of Payton's gender expression or identity. For example, Stephens often commented that Payton's mannerisms, style of dress, and speech patterns were effeminate.

8. Upon information and belief, Stephens' comments were motivated by her belief that Payton did not conform to the stereotypes associated with his sex, male.

9. Payton complained about Stephens sexually harassing and demeaning comments to the Defendant's Human Resources officials on three separate occasions:

(1) January 2018, (2) March 2018, and (3) June 2018; however, no corrective action was taken and the unlawful continued unabated.

10. In December 2018, Payton complained to the Defendant's Chief Executive Officer, Andrew Ganan, about Stephens's harassment of him, including recapping his past complaints and their subject matter.

11. By February 19, 2019, Payton was terminated. Up until Stephens's arrival, Payton had no employment issues.

12. Upon information and belief, Payton was terminated because of his reporting and opposing gender harassment and discrimination in employment.

## IV.  COUNTS

### COUNT I - SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

13. The sexual harassment against Plaintiff, Steven Payton, as described above, was unwelcome and was severe and pervasive enough to adversely affect the terms and conditions of the Plaintiff's employment.

14. Thus, the Defendant's agents subjected Plaintiff to a hostile environment sexual harassment in violation of Title VII.

15. The Defendant Ascension-St. Vincent's East is liable under Title VII for such harassment because it knew or should have known of the harassment, but failed

to take prompt and effective remedial action, and instead retaliated against the Plaintiff for rebuking and complaining about the harassment.

16. The actions of Defendant Ascension-St. Vincent's East, as described above, were done with malice and/or reckless indifference to the federally-protected rights of Plaintiff.

17. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for a declaratory judgment, back-pay, front-pay, reinstatement, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

18. The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II -RETALIATION IN VIOLATION OF TITLE VII

19. As is discussed above, the Plaintiff opposed and rebuked Defendant Ellen Stephens sexual harassment by conveying four separate complaints to Defendant Ascension-St. Vincent's East's representatives, who had or should have had knowledge of the sexual harassment, that the sexual harassment was not welcomed. This opposition constituted protected activity under Title VII.

20. As discussed above, Defendant Ascension-St. Vincent East retaliated against the Plaintiff for engaging in this protected activity and for opposing the sexual harassment by, among other things, subjecting him to a stricter scrutiny, treating him more harshly than other employees, and by terminating his employment.

21. Therefore, Defendant Ascension-St. Vincent's East has violated Title VII's proscription against retaliation for engaging in protected activity.

22. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for a declaratory judgment, back-pay, front pay an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

23. The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant Ascension-St. Vincent's East's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT III - INVASION OF PRIVACY

24. This is a claim arising under the law of the State of Alabama to redress violations by Defendant Stephens of the Plaintiff's right to privacy and Defendant Ascension-St. Vincent's East's ratification of that conduct.

25. Stephens outrageously and intentionally invaded the privacy of the Plaintiff.

26.     Defendant Ascension-St. Vincent's East is directly liable for the acts of its agent, Stephens.

27.     Stephens's conduct was authorized, ratified and/or condoned by Defendant Ascension-St. Vincent's East.

### COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.     This is a claim arising under the law of the State of Alabama to redress the intentional infliction of emotional distress upon the Plaintiff and Defendant Ascension-St. Vincent's East's failure to prevent such conduct.

29.     The conduct of Stephens, as a supervisory employee, as set out above, was extreme, outrageous, and beyond the boundaries of decency in civilized society, and it proximately caused Plaintiff to suffer great emotional distress and trauma for which she claims compensatory and punitive damages from Defendant Ascension-St. Vincent's East.

30.     Defendant Ascension-St. Vincent's East is directly liable for the acts of its agent, Stephens.

31.     Stephens's conduct was authorized, ratified and/or condoned by Defendant Ascension-St. Vincent's East.

## COUNT V - NEGLIGENT AND/OR MALICIOUS RETENTION, SUPERVISION, AND TRAINING

32. This is a claim arising under the law of the State of Alabama to redress Defendant Ascension-St. Vincent's East's negligent and/or malicious training and supervision of Stephens.

33. Defendant Ascension-St. Vincent's East negligently and/or maliciously failed to adequately train Stephens and other employees on the subject of sexual harassment, which proximately caused Stephens's' harassment of the Plaintiff.

34. Defendant Ascension-St. Vincent's East negligently and/or maliciously failed to adequately supervise Stephens, which proximately caused Stephens's harassment of Plaintiff.

35. Stephens's harassment of the Plaintiff caused her great emotional distress and trauma, for which she seeks compensatory and punitive damages against Defendant Ascension-St. Vincent's East.

### VII.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant St. Vincent's East described hereinabove violated and continue to violate

the rights of the Plaintiff as secured by Title VII.

2. Grant the Plaintiff a permanent injunction enjoining Defendant St. Vincent's East and/or its agents, successors, employees, attorneys and those acting in concert with the Defendant and on the Defendant's behalf from continuing to violate Title VII.

3. Issue an injunction ordering the Defendant not to engage in sexual harassment and ordering Defendant to establish written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct.

4. Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by reinstating the Plaintiff to the position he would have occupied in the absence of sexual harassment and retaliation (or frontpay), backpay (plus interest), loss of seniority, insurance benefits and loss of pension, and by awarding the Plaintiff compensatory, punitive, liquidated, and/or nominal damages.

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,


s/Roderick T. Cooks
Roderick T. Cooks
Lee Winston
Charity Gilchrist-Davis
Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
(205) 502-0970     telephone
(205) 278-5876     facsimile
email: rcooks@winstoncooks.com

Law Office of Gilchrist Davis, LLC.
505 20th Street North
Suite#815
Birmingham, AL 35203
Telephone: 205-581-8812
Facsimile:  205-581-8815
Email:  charity@gilchristdavis.com

**PLAINTIFF'S ADDRESS:**
Steven Payton
c/o WINSTON COOKS, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
(205) 502-0970     telephone
(205) 278-5876     facsimile
email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**

Ascension-St. Vincent's East
50 Medical Park Dr E
Birmingham, AL 35235